RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0163P (6th Cir.)
File Name: 03a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.                                    No. 02-5060

BARRY LAMONT PRICE,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 01-10024—James D. Todd, Chief District Judge.

Argued: April 14, 2003

Decided and Filed: May 30, 2003

Before: SILER, GILMAN, and GIBBONS, Circuit Judges.

---

### COUNSEL

**ARGUED:** T. Clifton Harviel, Jr., HARVIEL LAW
OFFICE, Memphis, Tennessee, for Appellant. Stephen P.
Hall, ASSISTANT UNITED STATES ATTORNEY,
Memphis, Tennessee, for Appellee. **ON BRIEF:** T. Clifton
Harviel, Jr., HARVIEL LAW OFFICE, Memphis, Tennessee,
for Appellant. Stephen P. Hall, ASSISTANT UNITED
STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

### OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. A federal jury
convicted defendant-appellant Barry Price of one count of
being a felon in possession of firearms and ammunition in
violation of 18 U.S.C. § 922(g). He appeals his conviction
and sentence, arguing that the district court erred by admitting
evidence of a prior crime to show character in violation of
Federal Rule of Evidence 404(b). Because the district court
did not abuse its discretion in determining that the evidence
at issue was probative of the crime charged regardless of
whether a prior crime occurred, we affirm.

On May 5, 2001, law enforcement officers approached a
residence in Jackson, Tennessee, to execute a search warrant.
Price was inside the residence and opened the front door to
allow the officers inside. In the bedroom, the officers found
a loaded Lorcin .380 firearm along with two ammunition clips
in a box on the floor between the bed and the nightstand. In
a dresser next to the nightstand, the officers found a Ruger
9mm firearm and a box of Remington .380 ammunition. In
the nightstand, the officers found a document entitled "State
of Tennessee Department of Safety Certificate of Completion
for Handgun Safety Course." The certificate was dated
April 17, 2001, and shows on its face that it was issued to
Price.

On May 18, 2001, a federal grand jury returned an
indictment charging Price with one count of being a felon in
possession of firearms and ammunition in violation of 18
U.S.C. § 922(g). The indictment alleged that on March 25,
1991, Price had been convicted in Tennessee state court of
three counts of felony sale of cocaine. The indictment further
alleged that on May 5, 2001, Price knowingly possessed the
Lorcin and Ruger firearms and the ammunition discovered in
the search.

At trial, the defense stipulated that Price had been convicted of a felony before May 5, 2001, but disputed that Price knowingly possessed the firearms and the ammunition discovered during the May 5, 2001, search. In a statement Price gave to the police after his arrest, he claimed that the firearms and ammunition belonged to his wife, that he stayed in the residence only on the weekends, and that he "never touched those guns." The defense presented testimony that Price had not purchased the weapons, that Price's wife lived at the residence, and that feminine items were found in the dresser along with the Ruger firearm.

The government presented testimony that among the items the officers found in the bedroom of the residence were pill bottles with Price's name on them, paperwork with Price's name on it, and clothes identified as belonging to Price. The government also sought to introduce into evidence the certificate of completion for a handgun safety course, which had Price's name on it and was found in the nightstand near the firearms and ammunition. The defense objected, asserting that the certificate "would be evidence of another criminal offense." The government responded that the certificate shows "knowing possession or proof of residency." The district court admitted the certificate into evidence, finding that the certificate was "strong circumstantial evidence that the defendant owned and/or possessed the firearms at issue."

The jury found Price guilty, and the district court sentenced him to 264 months (twenty-two years) of incarceration. Price appeals his conviction and sentence, claiming that the district court erred by admitting into evidence the certificate of completion. We review all evidentiary rulings by a district court for abuse of discretion. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999) (citing *General Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997)); *cf. United States v. Hurst,* 228 F.3d 751, 756 n.1 (6th Cir. 2000) (recognizing that after *Joiner* and *Trepel* all evidentiary rulings are reviewed for abuse of discretion but finding that a ruling on a motion to suppress is not a purely evidentiary ruling).

Price contends that the district court violated Rule 404(b) of the Federal Rules of Evidence by admitting into evidence the certificate of completion for a handgun safety course. Rule 404(b) provides in relevant part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." According to Price, the certificate is evidence that he possessed a firearm during a handgun safety course on April 17, 2001, and therefore should not have been admitted to show that he possessed the firearms at issue in this case on May 5, 2001. Price correctly notes that the certificate indicates that he used a Glock 9mm firearm during a handgun safety course on April 17, 2001, which is after his felony conviction in state court. Price also correctly notes that he was not charged with possessing a Glock firearm on April 17, 2001.

Price argues that the district court erred by failing to engage in the three-step analysis that this court requires a district court to engage in when presented with a Rule 404(b) objection to "other act" evidence. In *United States v. Gessa,* 971 F.2d 1257, 1261-62 (6th Cir. 1992) (*en banc*), we held that a district court must first determine whether there is sufficient evidence that the other act occurred. Next, the district court must determine whether the offering party is attempting to prove the other act for a purpose other than showing character, such as to show intent or identity. *Id.* at 1262. Finally, the district court must balance the probative value of the evidence against the danger of unfair prejudice. *Id.*

Price asserts that there was insufficient evidence to show that the other act – his possession of a Glock firearm on April 17, 2001 – occurred. Price testified at trial that the certificate was bogus and that he bought it for $100 without actually taking any course or handling any firearm. In addition, Price argues that the only purpose for offering the certificate into evidence was the improper purpose of showing his propensity to possess firearms and that the danger of

unfair prejudice substantially outweighs any probative value of the evidence.

The flaw in Price's argument is his premise that the certificate is "other act" evidence subject to Rule 404(b). Rule 404(b) applies to evidence submitted to prove an extraneous "other act." If the other act is probative only of character, then it is inadmissible under Rule 404(b), but if the other act is probative of something else, such as intent or identity, then it is admissible under Rule 404(b). Rule 404(b), however, does not apply to evidence that itself is probative of the crime charged, without regard to whether any "other act" occurred. *See United States v. DeClue*, 899 F.2d 1465, 1472 (6th Cir. 1990) ("Evidence which is probative of the crime charged and does not solely concern uncharged crimes is not 'other crimes' evidence [pursuant to Rule 404(b)]"); *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) ("[E]vidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it 'arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial.' *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983).").

Here, as the district court found, the certificate itself is circumstantial evidence that Price possessed the firearms and ammunition found on May 5, 2001, regardless of whether Price possessed a Glock firearm on April 17, 2001. Even if the certificate is bogus, the certificate shows that Price was taking steps to possess a firearm. As the certificate indicates, filing such a certificate is a necessary step to obtaining a handgun-carry permit. Moreover, the proximity of the certificate, which bore Price's name, to the firearms and ammunition found on May 5, 2001, is relevant to the crime charged, just as is the proximity of Price's pill bottles, other paperwork, and clothes. The district court did not abuse its discretion in determining that the certificate was relevant to the crime charged and not subject to exclusion under Rule 404(b).

On appeal, Price also argues that the certificate should have been excluded under Rule 403, which allows a district court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Price, however, did not raise this objection at trial, and thus our review is limited to whether the district court committed plain error by admitting the certificate into evidence. *United States v. Rodriguez*, 882 F.2d 1059, 1064 (6th Cir. 1989) (limiting review to determining whether plain error was committed when defense failed to object at trial). We find no plain error in the district court's decision to admit the certificate into evidence.

For all the foregoing reasons, we affirm the judgment of the district court.