*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0442P (6th Cir.)
File Name: 03a0442p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                              No. 03-5314

JAMES GOODING,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 02-00079—Thomas G. Hull, District Judge.

Submitted: December 2, 2003

Decided and Filed: December 12, 2003

Before: MARTIN and MOORE, Circuit Judges;
McKEAGUE, District Judge.[*]

———————————

[*] The Honorable David W. McKeague, United States District Judge
for the Western District of Michigan, sitting by designation.

---

———————————

## COUNSEL

**ON BRIEF:** Terry Hurst, Newport, Tennessee, for Appellant. Paige Auer Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

———————————

## OPINION

———————————

BOYCE F. MARTIN, JR., Circuit Judge. James Gooding appeals from a criminal judgment and commitment order following a jury trial where he was found guilty of being a felon in possession of a handgun in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

I.

The evidence presented at trial, construed in the light most favorable to the prosecution, reflects the following sequence of events that led to this appeal. On December 27, 2001, Nancy Bridgeman and Amber Thomas were in their Johnson City, Tennessee, apartment when they heard a "commotion" coming from downstairs. An uninvited man entered the apartment. Both women testified that they were not previously acquainted with this man, who was later identified as Gooding. Gooding pulled a gun from his waistband and placed it on a couch and asked the women whether he could leave the gun in their possession for the moment. Gooding further explained that he would be in trouble if he was caught in possession of a gun. Additionally, Gooding allegedly inquired as to the whereabouts of a downstairs resident named "Kim"–apparently a reference to Kim Carroll–and stated that

he intended to kill her. Bridgeman denied Gooding's request to leave the gun in the apartment, but he nevertheless exited the apartment without the gun. Thomas placed the gun in a plastic bag and returned it to Gooding who, by this time, had returned to his truck located in the building's parking lot. One of the women then summoned the police.

Gooding's version of the events, however, differs significantly from the preceding testimony. Gooding claimed that he went to the apartment building in an effort to rescue his wife, an alleged drug addict, who frequently obtained drugs from a tenant in the building. Gooding testified that he went to the apartment building after he had received a phone call from his wife who stated that she was at Kim Carroll's apartment and that she desired to leave, but she did not have the money to pay for the drugs that she had consumed. After his failed attempt to convince his wife to come out of the apartment, Gooding testified that he told his wife through the apartment door that he was going to summon the police. Gooding testified that her response was that he had better not call the police because the gun–that she had allegedly purchased for security purposes while Gooding was in prison–was located in the truck. Gooding testified that he returned to the truck and discovered the gun. In a panic, Gooding claimed that he brought the gun upstairs to leave it with Bridgeman whom he had recognized from his frequent visits to the building to retrieve his wife and had even spoken to on occasion. Bridgeman allegedly allowed Gooding to leave the gun in the apartment.

Johnson City police officer, Paula Norris, answered the call to the apartment building. Officer Norris testified that she initially drove past the entrance to the parking lot, but she saw in her rearview mirror an individual traveling on foot who matched the description of the suspect with the gun. Officer Norris turned her cruiser around and entered the parking lot. She encountered a truck driven by the man that she saw in her rearview mirror. Officer Norris stopped her cruiser, exited, and ordered the driver of the truck to exit his vehicle. The

driver, Gooding, eventually complied and submitted to a pat-down search. Officer Norris did not find a gun on Gooding's person. Upon Gooding's refusal to cooperate with her directions to remain seated, Officer Norris placed Gooding in handcuffs. After a search of his vehicle failed to reveal a gun, Officer Norris retraced Gooding's steps and discovered a plastic bag that contained a loaded handgun. Gooding immediately denied ownership of the gun. Norris turned the gun over to another officer who placed Gooding under arrest.

Gooding was indicted for illegally possessing a firearm. The case proceeded to a two-day jury trial after which the jury found Gooding guilty of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), after just ninety minutes of deliberations. The district court sentenced Gooding to an eighty-eight month term of imprisonment and a three-year period of supervised release. This timely appeal followed.

## II.

The only issue presented for this court's consideration is whether Gooding's conviction is supported by sufficient evidence in the record. In general, this court will reject a challenge to the sufficiency of the evidence supporting a judgment when, after construing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). This court will neither weigh the evidence nor independently assess the credibility of the witnesses presented. *United States v. Talley,* 164 F.3d 989, 996 (6th Cir. 1999). There is a suggestion in the case at bar that defense counsel may not have made a timely motion at trial for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Failure to make this motion "constitutes a waiver of any objection to the sufficiency of the evidence" with the result that this court "will not reverse absent a miscarriage of justice." *United States v. Nesbitt,*

90 F.3d 164, 167 (6th Cir. 1996). An examination of the record and briefs does not reflect that Gooding's trial counsel made a Rule 29 motion but, in any event, we find this of little consequence because there is sufficient evidence under either standard to support the judgment on appeal.

"To obtain a conviction pursuant to § 922(g)(1), the government must prove beyond a reasonable doubt: (1) that the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Daniel,* 134 F.3d 1259, 1263 (6th Cir. 1998) (internal quotation marks omitted). In this appeal, there is no dispute as to any element of this charge other than the firearm possession.

This case presents nothing more than the standard application of *Jackson v. Virginia*. Under *Jackson*, there was patently sufficient evidence from which any rational trier of fact could have concluded that Gooding knowingly possessed the firearm. Gooding himself admitted to a brief, voluntary possession of the gun. Moreover, there was ample testimony adduced at trial to rebut Gooding's version of the events. Notably, in addition to conflicting with the testimony of Bridgeman and Thomas, Gooding's testimony also differed from that of the rebuttal witnesses. Indeed, Gooding's wife contradicted virtually every detail of Gooding's account of their relationship and the events of that night. Specifically, Gooding's wife contradicted Gooding's testimony that his actions were that of a dutiful and loving husband by testifying that Gooding had actually left her to live with another woman. Additionally, Gooding's wife denied ownership of the gun. Moreover, she denied that she was using drugs on the night of the incident and denied that she was present at the apartment building on the night in question. Furthermore, Kim Carroll also denied her presence at the apartment on the night of the incident. In light of this evidence, we conclude

that Gooding's conviction was supported by sufficient evidence in the record.

Accordingly, we AFFIRM the decision of the district court.