**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney T. DUNLAP, Defendant–**
**Appellant.**

**No. 03–5176.**

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

Camille R. McMullen, Asst. U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Randall P. Salky, The Law Office of Randall Salky, Memphis, TN, for Defendant–Appellant.

BEFORE: KRUPANSKY, RYAN, and COLE, Circuit Judges.

RYAN, Circuit Judge.

Rodney T. Dunlap was convicted of being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g) (2000). In this direct appeal, the defendant requests that his conviction and sentence be reversed and the case be remanded for a new trial. In the alternative, he requests that his sentence be vacated and the case be remanded for resentencing. We conclude that each of the defendant's assignments of error is without merit and that his conviction and sentence should be affirmed.

I.

As the parties and their counsel are thoroughly familiar with the case, it is unnecessary to recount the facts in detail in this unpublished opinion. It is sufficient to say that Dunlap, a convicted felon, confessed to owning two shotguns in October 2001. Approximately two months later,

Memphis police officers removed a handgun from his person during a routine traffic stop. Dunlap was charged with possession of all three weapons, and a jury found him guilty on a single count of being a felon in possession of a firearm. After a full hearing, the district court sentenced Dunlap to 120 months in prison, which is the statutory maximum for his crime of conviction. Dunlap raises three issues on appeal.

II.

A.

Dunlap argues that the district court plainly erred in failing to exclude certain evidence at trial. It is uncontested that no objection was made at trial with respect to the admission of this challenged evidence. When a defendant fails to make a timely objection to the admission of evidence, our review is limited to plain error. *United States v. Price*, 329 F.3d 903, 906 (6th Cir.), *cert. denied*, 540 U.S. 920, 124 S.Ct. 313, 157 L.Ed.2d 218 (2003); *United States v. Harris*, 293 F.3d 970, 976 (6th Cir.), *cert. denied*, 537 U.S. 1073, 123 S.Ct. 672, 154 L.Ed.2d 568 (2002).

■ We have carefully considered the record, the briefs, and the parties' oral arguments, and we are satisfied that the district court did not plainly err in admitting the challenged evidence. It is well-established that a district court may properly admit background evidence which "consists of those acts or items which are 'inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.'" *United States v. Olender*, 338 F.3d 629, 637 (6th Cir.2003) (citation omitted). Furthermore, Dunlap has failed to show that, even if some evidence were improperly admitted, any error was obvious or clear, that the error affected his

substantial rights, and that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Absent such a showing, Dunlap's claim of plain error must fail. *See United States v. Cline,* 362 F.3d 343, 348 (6th Cir.2004). The government offered ample evidence to establish Dunlap's guilt beyond a reasonable doubt, and Dunlap has not made the necessary showing that the outcome of his case would have been different had the challenged evidence been excluded. *See United States v. Modena,* 302 F.3d 626, 632 (6th Cir.2002), *cert. denied,* 537 U.S. 1145, 123 S.Ct. 950, 154 L.Ed.2d 845 (2003).

## B.

■ Dunlap also argues that the district court plainly erred in failing to declare a mistrial on account of alleged juror partiality. He contends that "the cumulative effect of so many instances of potential juror partiality and bias" presents a compelling reason to believe that he did not receive a fair trial. Although the defendant objected at trial to four instances of what he perceived to be potential juror partiality or bias, he did not ask the district court to declare a mistrial on the basis of "the cumulative effect" of the "potential for partiality, bias, and other mischief."

"The sixth amendment right to trial by jury is designed to ensure criminal defendants a fair trial by a 'panel of impartial, "indifferent" jurors.'" *United States v. Shackelford,* 777 F.2d 1141, 1145 (6th Cir. 1985) (quoting *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961)). We have held that four principles govern a defendant's claim of extraneous, prejudicial influences on a jury:

(1) when a defendant alleges that an unauthorized contact with a juror has tainted a trial, a hearing must be held; (2) no presumption of prejudice arises from such a contact; (3) the defendant bears the burden of proving actual juror bias; and (4) juror testimony at the "*Remmer* hearing" [ (*Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954)) ] is not inherently suspect.

*United States v. Orlando,* 281 F.3d 586, 596 (6th Cir.), *cert. denied,* 537 U.S. 947, 123 S.Ct. 411, 154 L.Ed.2d 290 (2002) (internal quotation marks and citation omitted); *see also United States v. Sturman,* 951 F.2d 1466, 1478 (6th Cir.1991).

We review a district court's decisions regarding alleged juror misconduct or bias to determine whether the district court committed an abuse of discretion under all of the circumstances. *Orlando,* 281 F.3d at 593; *United States v. Copeland,* 51 F.3d 611, 614 (6th Cir.1995). Likewise, we review for abuse of discretion a district court's denial of a motion for mistrial. *United States v. Yang,* 281 F.3d 534, 549 (6th Cir.2002), *cert. denied,* 537 U.S. 1170, 123 S.Ct. 1015, 154 L.Ed.2d 912 (2003). Where a defendant has failed to object at trial, however, we review the district court's decisions for plain error. *Harris,* 293 F.3d at 975–76.

We have carefully reviewed the law, the record, and the parties' arguments, and we are satisfied that Dunlap has failed to show that the district court plainly erred in failing to declare a mistrial. It is undisputed that the court held a hearing with respect to each of the four alleged indicia of bias identified by the defendant. In each instance, the court either obtained the jurors' assurances of impartiality or took appropriate curative action. The district judge was justified in taking at face value the jurors' assurances of impartiality, *see Sturman,* 951 F.2d at 1478, and Dunlap has not produced any proof of actual juror bias. Dunlap has failed to show that: "(1) an error occurred; (2) the

error was obvious or clear; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Cline,* 362 F.3d at 348. Accordingly, we hold that the district court did not plainly err in failing to declare a mistrial.

### C.

Finally, Dunlap argues that the district court improperly enhanced his offense level for sentencing purposes pursuant to U.S.S.G. § 2K2.1(b)(1)(A) (2002), which provides that if an offense involves three or more firearms, the court is to enhance the defendant's offense level by 2, and U.S.S.G § 2K2.1(b)(4) (2002), which provides that if an offense involves a stolen firearm, the court is to enhance the offense level by 2. Dunlap argues that the court incorrectly determined (1) the number of weapons involved in his offense and (2) that two of the weapons were stolen. In reviewing a sentence imposed under the U.S. Sentencing Guidelines, we are required by statute to "accept the findings of fact of the district court unless they are clearly erroneous and ... [to] give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (West Supp.2004). Nevertheless, an error in sentencing that does not affect a defendant's sentence is harmless, and we may affirm such a sentence. *Williams v. United States,* 503 U.S. 193, 202–03, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *United States v. Charles,* 138 F.3d 257, 268 (6th Cir.1998).

The defendant was assigned a Base Offense Level of 24. He does not contest the accuracy of this figure. Dunlap was also assessed a four-point enhancement under § 2K2.1(b)(5) for using or possessing a firearm in connection with another felony offense. The defendant does not contest

the validity of this assessment on appeal. The Presentence Report suggested that Dunlap fell into Criminal History Category VI, but the court agreed, in light of an objection, to "adopt the position of the defendant" and consider the matter under Category V because "it makes no difference in the calculation of the available sentence." Thus, taking the uncontested portions of the sentencing proceedings, Dunlap had an offense level of 28, which, in Category V, yields a sentencing range of 130–162 months. U.S.S.G. Ch. 5 Pt. A (2002), intro. comment. As the statutory maximum for the offense of conviction is 120 months, *see* 18 U.S.C. § 924(a)(2) (2000), the Guidelines instructed the court to impose a restricted sentence of 120 months. *See* U.S.S.G. § 5G1.1(a) (2002). That is precisely what the court did. Assuming *arguendo* that the defendant's arguments have merit and the court should not have applied additional enhancements under §§ 2K2.1(b)(1)(A) and 2K2.1(b)(4), any error was harmless.

We have carefully considered the recent Supreme Court decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which was decided after Dunlap's case had been argued and submitted, and we are satisfied that *Blakely* has no bearing on this case. *See United States v. Koch,* 383 F.3d 436 (6th Cir.2004) (*en banc* ).

### III.

For the above-stated reasons, the defendant's conviction and sentence are **AFFIRMED**.