**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0099n.06
Filed: February 9, 2005

**No. 03-4208**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| LARRY SKINNER, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      BOGGS, Chief Judge; and KENNEDY and  MARTIN, Circuit Judges.

**PER CURIAM**.  This case hinges on what it means to carry a firearm "during and in relation to" a drug trafficking crime, under 18 U.S.C. § 924(c)(1).  Appellant Larry Skinner was carrying a firearm in a hip holster and transporting a large quantity of cocaine in a car when he was stopped for a traffic violation.  He argues that the jury heard insufficient evidence to convict.  However, we find that the totality of the circumstances surrounding the drug trafficking offense did provide sufficient evidence for the jury to convict him on the firearm charge, and we therefore affirm the ruling of the district court denying Skinner's motions for judgment of acquittal.

**I**

On September 25, 2002, Portage County (Ohio) Deputy Sheriff Patrick Burns pulled over a white Oldsmobile Cutlass for driving without a rear license plate.  As Burns approached the

car, the driver, Skinner, had his hands up in the air and spontaneously called out, "Officers [sic],

I have a loaded weapon, a shitload of dope, and I know I'm going to prison." Burns and the

backup officers he summoned testified that Skinner was cooperative throughout the arrest, that

he alerted the officers to the location of the gun and drugs, and that he did not make any attempt

to reach for the gun. Skinner also later told the officers that at no point during the stop or arrest

did he intend to try to shoot it out with them.

Skinner waived his *Miranda* rights and agreed to be interviewed. Both at the time of his

arrest and in later interviews, Skinner claimed that he possessed the gun for his own personal

protection because he had recently been shot at and had his car stolen. He was never asked

whether he needed the gun for his drug trafficking activities, nor did the officers establish

whether he purchased the gun to further his drug business or whether he had ever used (*i.e.*

brandished, fired, pulled) the gun as part of his drug dealing or carried it when actually buying or

selling drugs.

Skinner pled guilty to one count of possession with intent to distribute, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C), but he refused to plead guilty to a count of carrying a firearm

during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Skinner

went to trial before a jury on this firearm charge and a charge of being a felon in possession of a

firearm. He was found guilty on both counts.

The government's case on the § 924(c) charge amounted to the following: Skinner

admitted he possessed drugs, which he intended to sell. Skinner was carrying on his person a

loaded firearm, which he admitted was his. The officers involved in the arrest and interrogation

all had training and experience in narcotics trafficking that led them to believe that drug

traffickers carried firearms to protect themselves and their drugs while engaged in the drug trade.

Both at the conclusion of the prosecution's evidence and after the verdict, Skinner moved

under Rule 29, Fed. R. Crim. P., for judgment of acquittal, arguing that there was insufficient

evidence presented at trial for any rational juror to find beyond a reasonable doubt that Skinner

carried the gun in relation to the drug trafficking crime. Both motions were denied, and Skinner

timely filed this appeal.

**II**

We review *de novo* a denial of a motion for judgment of acquittal. *United States v.*

*Emuegbunam*, 268 F.3d 377, 396 (6th Cir. 2001). We will find that the jury heard sufficient

evidence if *"any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Emuegbunam*, 268

F.3d at 396. We do not weigh evidence or assess the credibility of witnesses, and we consider

the evidence in the light most favorable to the prosecution. *United States v. Gooding*, 351 F.3d

738, 740-741 (6th Cir. 2003).

Section 924(c)(1) of 18 U.S.C. reads in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by
> this subsection or by any other provision of law, any person who, during and in
> relation to any crime of violence or drug trafficking crime . . . for which the
> person may be prosecuted in a court of the United States, uses or carries a firearm,
> or who, in furtherance of any such crime, possesses a firearm, shall, in addition to
> the punishment provided for such crime of violence or drug trafficking crime--
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;

As a preliminary matter, it should be noted that § 924(c) describes two different crimes. *Using*

*or carrying* a firearm *during and in relation* to a drug trafficking offense is one crime ("during and in relation to" prong), while *possessing* a firearm *in furtherance of* such an offense is another ("in furtherance of" prong). *See United States v. Combs*, 369 F.3d 925, 930-33 (6th Cir. 2004) (explaining at length that 924(c) should be read to include two separate crimes). Between the two offenses, the "in furtherance of" prong requires the "higher standard of participation" of the gun in the predicate crime. *Id.* at 933. In addition, the "during and in relation to" prong is written in the disjunctive. A defendant can be convicted either of "carrying" or of "using" a firearm. Each part of this prong requires proving using *or* carrying and the "during and in relation to" element. *United States v. Washington*, 127 F.3d 510, 514 (6th Cir. 1997).

Appellant was indicted only on the "during and in relation to" offense, and he was convicted only of carrying a firearm. To sustain its burden of persuasion, the government must prove that (1) the defendant knowingly carried a firearm (2) during and in relation to a drug trafficking offense. *Smith v. United States*, 508 U.S. 223, 227-28 (1993). As Skinner was wearing a loaded firearm in a hip holster, alerted the deputy to its presence, and admitted that the gun was his, the "carry" element is clearly proven, and it is not necessary to consider the broader definition of "carry" given by the Supreme Court in *Muscarello*. *Muscarello v. United States*, 524 U.S. 125, 130-31 (1998) (finding statute does not restrict "carrying" to bearing upon one's person).

With the regard to the second element, the Supreme Court has established that to be "in relation to" a drug offense, carrying a gun must somehow facilitate or potentially facilitate the underlying drug trafficking offense. *Smith,* 508 U.S. at 238; *United States v. Walls*, 293 F.3d

959, 968 (6th Cir. 2002). Simply possessing a gun during a drug crime is not sufficient. *United States v. Layne*, 192 F.3d 556, 571 (6th Cir. 1999). Instead, "'the firearm must have some purpose or effect with respect to the drug trafficking crime . . . .'" *Ibid.* (quoting *Smith*, 508 U.S. at 238). We must analyze the purpose or effect in terms of the "'totality of the circumstances surrounding the commission of the crime.'" *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir. 1999) (quoting *United States v. Brown*, 915 F.2d 219, 226 (6th Cir. 1990)).

We have given a broad reading to the "facilitate" and "purpose" standards. In *United States v. Riascos-Suarez*, 73 F.3d 616, 624 (6th Cir. 1996), for example, the court found that transporting a gun in a car while presumptively driving to or from a drug transaction met the "in relation to" standard. In a case quite analogous to the one at issue, the defendant grabbed his rifle and his drugs when the police showed up and attempted to flee. The court held that having the drugs and firearm close enough to grab at a moment's notice was sufficient to support a finding that the defendant carried the gun "during and in relation to" the drug offense. *United States v. McRae*, 156 F.3d 708, 712 (6th Cir. 1998). *See also Walls*, 293 F.3d at 969 (finding sufficient evidence against methamphetamine maker caught with firearm and equipment for manufacturing methamphetamine in his car because witnesses testified "they had seen [defendant] with a firearm on his person and in his car" and because government expert witnesses testified that methamphetamine makers "often use firearms to protected themselves"). We consider, in addition, *United States v. Swafford*, 385 F.3d 1026 (6th Cir. 2004), a case in which sufficient evidence was found when the defendant was arrested lying in bed with a baby in his arms and a loaded gun within reach while there were drugs and drug manufacturing

paraphernalia scattered about the house. As Swafford was convicted under the higher "in furtherance of" standard of evidence, this case argues that the jury in Skinner's trial had sufficient evidence to convict him under the lower "during and in relation to" standard.

Skinner argues that the gun did not facilitate the underlying drug trafficking crime because he never so much as touched it when he was arrested, and he did not need to protect the drugs while he drove. He offered an alternative, if not inherently plausible, story of why he had the gun, a story that the government made only desultory efforts to corroborate and did not disprove at trial. Furthermore, no witnesses were offered to prove that he carried a gun when he did sell drugs.

However, this court does not sit as the thirteenth juror and reweigh evidence. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988). Skinner pled guilty to drug trafficking. He was carrying a loaded gun on his person while transporting drugs. Experienced narcotics officers testified that it was common for drug dealers to carry guns to protect their trade. The fact that he might have had it for another purpose as well changes nothing. *Warwick*, 167 F.3d at 971 (finding "in relation to" prong met when defendant carried guns while dealing drugs even though he might also have been carrying the guns with the intent to sell them).

Skinner is not exonerated simply because, at the moment of apprehension, he was not actually buying or selling drugs. Considering the totality of the crime he admitted to–buying the drugs the day before his arrest with the intent to sell them over the following seven days–a rational juror could find that the gun would have a role to play in his dealing. *Brown*, 915 F.2d at 226 (a court should consider "the totality of the circumstances surrounding the commission of

the crime: the emboldened sallying forth, the execution of the transaction, the escape, and the likely response to contingencies that might have arisen during the commission of the crime."). Based on this evidence, we cannot conclude that no rational juror would be able to find beyond a reasonable doubt that Skinner carried the gun in relation to his drug trafficking crime.

We therefore **AFFIRM** the judgment of the district court.