**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1047n.06

**No. 11-6056**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 01, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | MIDDLE DISTRICT OF TENNESSEE |
| ANTONIO LEE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  GIBBONS and COOK, Circuit Judges; and ROSENTHAL, District Judge.[*]

COOK, Circuit Judge.  A jury convicted Antonio Lee of intentionally possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924.  Lee appeals his conviction on two grounds, challenging the sufficiency of the evidence and the district court's admission of evidence of prior bad acts under Federal Rule of Evidence 404(b).  We AFFIRM.

I.

In March 2009, Nashville police officers Ben Bryner, Jamie King, Shane Fairbanks, and Derrick Keeler were patrolling a high-crime apartment complex.  From a darkened building breezeway, the officers saw Lee park between two cars.  The vehicle parked to Lee's driver side contained two unidentified persons, while three individuals occupied the vehicle to his passenger

---

*The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

side.

Lee stepped out of his car and stood between his car and the vehicle to his passenger side. The officers approached the vehicles, and, upon recognizing Lee, Officer King called out, "[H]ey, Antonio." Startled by the officer's voice, Lee quickly retreated to the back of his car and reached toward his waistband. Officer Bryner then heard metal hit concrete. From his training, Bryner surmised that Lee had dropped a gun. When Bryner shined his flashlight, he observed Lee "attempt[ing] to kick something" and "saw something slide." Officer Fairbanks heard the same sound and looked under the car, finding a pistol by the front passenger tire. No one else was on foot in the area, and the windows of the passenger-side vehicle remained closed throughout.

The officers arrested Lee and called Officer Guldeman to transport Lee. Guldeman read Lee his *Miranda* rights while Lee sat in the patrol car. As soon as Guldeman finished, Lee stated, "I don't want to remain silent." Guldeman then re-warned Lee of his right to remain silent, but Lee continued, "I'll tell you the truth, the gun is mine."

Officers Bryner, Fairbanks, and Guldeman testified during Lee's trial. Sade Bass, Lee's girlfriend and owner of the car, also testified—over Lee's objection—that she had seen the firearm in Lee's possession earlier that day in her apartment. She asked Lee not to take the gun in her car but Lee left the apartment to use her car anyway, with the gun in his front pocket. Soon thereafter, she received a phone call from a friend informing her that the police were in her car. At trial, Bass specifically identified the firearm as the one Lee was carrying that evening.

Wayne Kilday, Special Agent for the Bureau of Alcohol, Tobacco, and Firearms, testified that Lee's firearm was manufactured outside Tennessee. The parties stipulated that Lee had previously been convicted of a felony.

## II.

### A. Sufficiency of Evidence

We review sufficiency challenges de novo, construing the evidence in the light most favorable to the prosecution to determine whether a rational juror could have found each element of the offense beyond a reasonable doubt. *United States v. Gooding*, 351 F.3d 738, 740–41 (6th Cir. 2003). To obtain a § 922(g)(1) conviction, government must prove three elements: (1) Lee had a previous felony conviction; (2) Lee knowingly possessed the firearm specified in the indictment; and (3) the firearm traveled interstate or affected interstate commerce. *Id.* at 741. It proved all three here.

Lee argues that the government failed to prove he possessed the same handgun "specified in the indictment," noting that the government's evidence did not identify the gun by serial number. Hence, Lee argues, insufficient evidence supported his conviction. But this argument misstates the government's burden of proof. According to the officers' testimony, Lee confessed that the gun belonged to him, and his girlfriend claimed to have seen him with the same gun just minutes before the arrest. Further, two officers heard metal "sliding across" and "hitting" the concrete near

Lee—the only civilian standing outside the vehicles—before recovering the pistol. The windows of the two adjacent vehicles remained closed throughout the relevant times. All this evidence places the firearm in Lee's possession.

Lee also asserts that no officer saw the gun in his hands and the gun was never submitted for fingerprint analysis. This argument ignores Bass's testimony—that she saw Lee with the gun in his pocket minutes before the arrest. Lee attempts to sidestep this hurdle by claiming that the government told Bass what to say, but the record reflects otherwise; Bass merely testified that she learned from the government that the gun was a nine millimeter. Even without her testimony, a reasonable jury could conclude that Lee had physical control over the weapon. Accordingly, we reject Lee's sufficiency challenge.

B. *"Other Act" Evidence Under Rule 404(b)*

Lee next argues that Bass's testimony constituted improper "other act" evidence under Rule 404(b). This rule, however, "does not apply to evidence that itself is probative of the crime charged." *United States v. Price*, 329 F.3d 903, 906 (6th Cir. 2003) (citing cases); *see also United States v. DeClue*, 899 F.2d 1465, 1472 (6th Cir. 1990) ("Evidence which is probative of the crime charged and does not solely concern uncharged crimes is not 'other crimes' evidence." (citation omitted)). Here, the government offered Bass's testimony as "direct proof of the crime charged." We thus reject this meritless argument.

III.

We AFFIRM.