NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0793n.06

No. 14-5205

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CHRISTOPHER MOODY,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Dec 04, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

Before: SUTTON and KETHLEDGE, Circuit Judges; BECKWITH, District Judge.[*]

KETHLEDGE, Circuit Judge. A jury convicted Christopher Moody of manufacturing, possessing, and distributing controlled substances in violation of 21 U.S.C. § 841(a), and several related charges including possessing a firearm in furtherance of the drug scheme. Moody challenges the evidentiary rulings and jury instructions related to video and audio evidence used against him at trial. We affirm.

I.

In November 2013, a federal grand jury in Nashville, Tennessee indicted Christopher Moody on eight counts related to manufacturing, possessing, and distributing controlled substances "[b]etween in or around January 2008 through in or around December 2008[.]" R. 2468 at 3, 4. The charges included possessing a firearm in furtherance of drug trafficking.

At trial, the government sought to introduce a video of Moody speaking, cooking crack, and waving a handgun. Moody objected to the entire video. The district court excluded various

---

[*] The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

excerpts that it deemed too prejudicial, including one in which Moody threatens to massacre his enemies in a fashion similar to the shootings at Columbine High School and Virginia Tech. But the district court admitted other excerpts. Three excerpts in particular drew repeated objections from Moody, who argued that they predated the relevant limitations period and were thus unfairly prejudicial evidence of "other acts" under Federal Rules of Evidence 403 and 404(b). The first excerpt shows Moody stirring a concoction on a kitchen stove while describing his process:

> [Y]ou see me in the kitchen right now, bitch, in this Pyrex cooking up this purloin yellow. Watch me get this shit hard. Watch me get this shit hard, bitch. I got it soft—my homeboy brought it to me soft. Now I'm gonna make it hard.

Exhibit 46b7, at 5:43-5:59. Multiple witnesses testified at trial that the excerpt was filmed in the house that the indictment charged Moody with using to manufacture and distribute drugs. The district court thus admitted the excerpt as probative of the manufacturing charge.

In the next excerpt, Moody anticipates his upcoming birthday, mentions a court date, and comments on various officials—Judge Dozier in particular:

> You gonna see me on my birthday, you bitches, with a big [unintelligible] of moho, popping them pills and drinking, getting high and trapping. Fuck the law. I'm [unintelligible] on my birthday, man. Man, on my birthday, I got the heat on me all day. I don't even kill on my birthday. This, this is what I been waiting for: to be out on my motherfucking birthday. I go to court on the 16th. Bitch, I got my lawyer paid up, ho, so you know I ain't getting locked up. Bitch, I'm gonna keep on running game on this PO I got. Fuck him too. He a'ight, but fuck him too. The judge— fuck you too. DA—fuck you too. Man, Dozier—Judge Do—Fuck you too. I'm gonna [unintelligible] in your courtroom, bitch. Man, if I could shoot you right now, bitch, I would.

*Id.* at 9:10-9:57. The parties both relied on this excerpt to argue, respectively, that the video was recorded before—or else during—the relevant and statutory periods. The district court thus admitted the excerpt as necessary for the jury to decide when the depicted conduct occurred.

The final excerpt shows Moody describing his methods and motives as a drug trafficker while gesturing with a handgun:

> Anybody can get got, don't get me wrong. But if a n**** try me out here, a n**** better have a mask on and disguise himself real well. Because if I know who he is, bitch, you ain't gonna live. One of us gonna go. And that's for sure, man. That's something I know about the game, man. I finally done understand the game, man. I know what it is, man. I mean, death around the corner out here for y'all fuckboys or for any n****, man. But I know one thing: I'm gonna get this money before I go. Wherever I go, I'm getting this money. I'm gonna get this money in heaven or hell. It don't even matter. I'm gonna always get money.

*Id.* at 17:34-18:22. The district court admitted this excerpt as relevant to the charges of drug trafficking and possessing a firearm in furtherance of that drug trafficking.

Moody also objected to an audio recording of phone conversations between various alleged co-conspirators and to the jury instructions. The district court overruled both objections. This appeal followed.

## II.

We review evidentiary rulings and jury instructions for an abuse of discretion. *See John B. v. Emkes*, 710 F.3d 394, 406 (6th Cir. 2013) (evidentiary rulings); *United States v. Carson*, 560 F.3d 566, 578 (6th Cir. 2009) (jury instructions).

## A.

Moody argues that the district court omitted to determine the admissibility of the video excerpts under Rule 404(b). But Rule 404(b) "does not apply to evidence that itself is probative of the crime charged[.]" *United States v. Price*, 329 F.3d 903, 906 (6th Cir. 2003). And here the

district court admitted the video excerpts as direct evidence of the crimes charged—not as evidence of "other acts" under Rule 404(b).

Moody nevertheless contends that the video depicts "other acts" because it was recorded in January 2008, and thus before the start of the statute-of-limitations period in November 2008. *See* R. 2641 at 111. In the video, Moody says that he is 23 and discusses his upcoming birthday. (He turned 24 on January 25, 2008.) And Moody alleges that "court on the 16th" could refer only to a hearing he had on January 16, 2008. But the government responds that Moody's timeline is impossible, because Moody's case involving Judge Dozier was not even filed until April 2008. Thus, according to the government, the video was likely recorded shortly before Moody's next birthday, i.e., in December 2008 or January 2009. Given this dispute, the district court left the jury to decide for itself when the video was recorded.

Moody asserts that the district court erred because, if the jury found that the video was recorded before the statutory period—that is, before November 13, 2008—then the excerpts would depict uncharged conduct that was inadmissible under Rule 404(b). Even if we accept Moody's timeline, however, uncharged criminal conduct is not "other acts" evidence when the conduct "arises from the same events as" and "is directly probative of the charged offense[.]" *United States v. Clay*, 667 F.3d 689, 698 (6th Cir. 2012).

Here, Moody's own timeline puts the recording date in January 2008, squarely within the period identified in the indictment (which was "between in or around January 2008 through in or around December 2008"). And the video shows the precise conduct alleged in the indictment: Moody in the specified house, cooking crack, waving a gun, and vowing to use the gun on anyone who threatened his drug operation. Thus, even if the recorded activities predate the

statutory period, they still "arise[] from the same events as" and are "directly probative of the charged offense[.]" *Id.*

Moody next contends that the probative value of the video excerpts was substantially outweighed by their risk of unfair prejudice—specifically, that allowing the jury to see the video excerpts would "lead to a decision based upon [the] improper basis [that Moody] had bad character." But prejudice is unfair only when it is likely to persuade the jury in an inappropriate manner. *See In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996). And the district court has "broad discretion in balancing probative value against potential prejudicial impact." *United States v. Lloyd*, 462 F.3d 510, 516 (6th Cir. 2006).

Any prejudice here was fair. Once the district court removed the inflammatory comments about Columbine and Virginia Tech, the remaining excerpts posed little risk that the jury would convict Moody on the basis of his general character. Rather, they showed Moody possessing a firearm while he engaged in the charged crime, in the precise house and during the precise period alleged in the indictment. The excerpts thus tended to prove that Moody actually committed the crimes charged. That is the definition of probative evidence, not of unfair prejudice. *See* Black's Law Dictionary, 677 (10th ed. 2014). The district court did not abuse its discretion by admitting the video excerpts.

B.

Next, Moody argues that the district court's charge to the jury included two errors related to the video. First, he contends that the district court failed to include a Rule 404(b) instruction. For the reasons explained above, however, the video excerpts were not 404(b) evidence and thus the district court had no need to instruct the jury to that effect.

Moody also contends that the district court's instructions "allow[ed] the prosecutor" to urge the jury "to find [Moody] guilty of the charges in the statute of limitation[s]" because "Moody was a drug dealer before the statute of limitations[.]" But the district court said the opposite: "[A] conviction cannot be based upon conduct that occurred before [the statute of limitations] date. You may consider [Moody's] conduct prior to the statute of limitations to evaluate [his] conduct within the statute of limitations and whether the conduct within the statute of limitations establishes [his] guilt beyond a reasonable doubt." R. 2663 at 191-92. The district court further warned the jury that it "[could] not use any pre-statute of limitations conduct for any other purpose." *Id.* Those instructions were correct, and Moody's argument is meritless.

C.

Finally, Moody argues that the district court erred by admitting audio recordings of jailhouse phone calls as admissions by co-conspirators without first finding that the declarants actually were co-conspirators, as required under Federal Rule of Evidence 801(d)(2)(E). *See United States v. Enright*, 579 F.2d 980, 987 (6th Cir. 1978). But the district court did not admit these conversations as statements by co-conspirators. When Moody's counsel made the same objection at trial, he conceded that the alleged co-conspirators were just "making a plan to go steal somebody's dope." R. 2661 at 12. The government agreed, and explained that the statements were thus admissible under the hearsay exception for statements of a then-existing mental condition because they expressed "motive, intent, or plan." *See* Fed. R. Evid. 803(3). The district court seemed to agree with the government and overruled the objection without further comment. The district court did not abuse its discretion by declining to make findings under a rule on which it did not rely.

* * *

The district court's judgment is affirmed.