**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie Don DANIEL, Defendant–Appellant.**

**No. 96–5405.**

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 6, 1997.

Decided Jan. 22, 1998.

---

Patrick F. Nash (briefed), Lexington, KY, for Defendant–Appellant.

Frances E. Catron, Asst. U.S. Attorney (briefed), Lexington, KY, for Plaintiff–Appellee.

Before: GUY, SUHRHEINRICH and COLE, Circuit Judges.

## OPINION

SUHRHEINRICH, Circuit Judge.

This case is before us on remand from the Supreme Court for further consideration in light of *Old Chief v. United States,* —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Subject to certain limitations, 18 U.S.C. § 922(g)(1) makes it unlawful for anyone "who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce . . . any firearm. . . ."[1] In *Old Chief,* —— U.S. at ——, 117 S.Ct. at 647, the Supreme Court held that a district court abuses its discretion when it rejects a defendant's offer to stipulate his status as a felon for purposes of § 922(g)(1), and, instead, admits the full record of a prior judgment, if the name or nature of the prior offense increases the risk of a verdict tainted by improper considerations and the purpose of the evidence is solely to prove the element of prior conviction. After supplemental briefing by the parties, we conclude that the district court's refusal to accept Defendant's stipulation was error, but that it was harmless under the circumstances present here. Therefore, we **AFFIRM** Defendant's conviction and sentence.

### I.

On February 27, 1995, the automobile in which Defendant was travelling was stopped by Kentucky State Police in Breathitt County, Kentucky, for failure to have a visible license tag and for a motor vehicle violation. After the driver of the automobile, Yolanda Easterling, informed the state troopers that Defendant had brought a weapon into the vehicle, the troopers ordered Defendant to exit the vehicle. The troopers searched Defendant's person and found three .410 gauge Remington Peter's brand shotgun shells in Defendant's left front pants pocket. The troopers also searched the vehicle and found a .410 gauge shotgun located underneath the

---

1. 18 U.S.C. § 921(a)(20) provides that "a crime punishable by imprisonment for a term exceeding one year" does not include "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" and "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

passenger seat in which Defendant had been sitting.

Defendant was indicted in district court for being a felon in possession of a firearm and a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924, and for possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Defendant has prior convictions for, among other things, kidnapping and reckless homicide.

Defendant filed a pretrial motion to strike the specific descriptions of his convictions for kidnapping and reckless homicide from the indictments for the alleged violations of § 922(g)(1). Defendant also filed a motion in limine, in which he argued that it was unnecessary and prejudicial to inform the jury of the particulars of his prior criminal history beyond Defendant's proffered "stipulation that he has been previously convicted of a crime punishable by imprisonment for a term exceeding one year." J.A. at 18. The district court denied Defendant's motions.[2]

At trial, the United States introduced the testimony of Bureau of Alcohol, Tobacco and Firearms Agent Valerie Park. Agent Park testified that, during her investigation, she had retrieved certified records from the Kentucky state courts of judgments of conviction against Defendant for reckless homicide and kidnapping. The government introduced these records in redacted form.[3] Defendant was convicted on all three counts and received a prison term totaling 150 months.

On appeal, Defendant argued that the district court improperly rejected his offer to stipulate to his prior felon status. Following circuit precedent, we held that the government was entitled to prove the felonies in a § 922(g)(1) prosecution and was not required

to accept a defendant's stipulation, and we affirmed the conviction and sentence. *United States v. Daniel*, 103 F.3d 131 (6th Cir.1996)(unpublished decision); *see, e.g., United States v. Hudson*, 53 F.3d 744, 747 (6th Cir.1995)("In the Sixth Circuit, the government is entitled to prove the felonies it has alleged."). On June 16, 1997, the Supreme Court vacated our judgment and remanded for further consideration in light of the Court's intervening decision in *Old Chief. Daniel v. United States*, — U.S. —, 117 S.Ct. 2450, 138 L.Ed.2d 209 (1997).

## II.

On remand, we consider two issues: (1) whether Defendant's case falls within the Supreme Court's holding in *Old Chief;* and, if so, (2) whether the district court's failure to accept Defendant's stipulation to his prior felon status constituted harmless error.

■ The United States contends that Defendant's case does not fall within the parameters of *Old Chief.* In support of its position, the government essentially sets forth two arguments. First, it asserts that Defendant's proffered stipulation was insufficient. Second, the government maintains that Defendant's prior convictions were "ancient," were not "gun" crimes, and were not crimes similar to those charged in the indictment. Therefore, in the government's view, the risk of unfair prejudice was diminished.

The stipulation contained in Defendant's motion in limine stated that Defendant "has been previously convicted of a crime punishable by imprisonment for a term exceeding one year."[4] On brief, the government points out that this proposed stipulation was unclear. The stipulation did not explain

---

**2.** However, the district court later instructed the jury that it could consider the evidence of Defendant's prior convictions solely for purposes of determining whether Defendant had previously been convicted of a felony, and not for any other purpose. The district court instructed the jury to "[r]emember that the defendant is on trial here only for the crimes charged in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt." J.A. at 50.

**3.** The jury was also informed of Defendant's convictions for reckless homicide and kidnapping by the reading of the indictments for the violations of § 922(g)(1).

**4.** At his pretrial hearing on these motions, Defendant offered "to stipulate to the element that needs to be proven in regards to there being a prior felony conviction, and there is no use for the Government to have to offer anything beyond the fact that there is a prior felony conviction." Tr. of 11/29/95 Hrg., at p. 5.

whether it meant that, as a matter of law, Defendant's prior conviction fell within the definition of "a crime punishable by imprisonment for a term exceeding one year," or whether it was merely a statement of fact. If it was the latter, the government notes, the jury could not have determined whether the predicate offense fell within one of the statute's categorical exceptions; i.e., a "state ... misdemeanor ... punishable by a term ... of two years or less" or a "business" crime. *See* 18 U.S.C. § 921(a)(2).

We acknowledge that the stipulation offered by Defendant was insufficient without more. An instruction would have been necessary to clarify that Defendant's stipulation satisfied the predicate offense element of § 922(g)(1). However, this does not preclude the application of *Old Chief,* which involved a substantially identical offer of stipulation. The defendant in *Old Chief* moved to prevent the government from offering any evidence of defendant's prior criminal conviction, "except to state that the Defendant has been convicted of a crime punishable by imprisonment exceeding one (1) year." *Old Chief,* ── U.S. at ──── ────, 117 S.Ct. at 647–48. Although the Supreme Court recognized that "revision would have been required to dispel ambiguity," *id.* at ── n. 2, 117 S.Ct. at 648 n. 2, it still found that the district court abused its discretion by permitting the government to introduce evidence regarding the nature of the defendant's prior conviction. The Court explained: "The district court did not ... deny Old Chief's motion because of the artless instruction he proposed, but because of the general rule ... that permits the Government to choose its own evidence." *Id.* The same holds true here.

 We also reject the United States's second argument that *Old Chief* does not apply, because Defendant's prior convictions were "ancient," were not "gun" crimes, and were not similar to the crimes with which Defendant was charged in the indictment. Defendant was convicted of kidnapping in 1979 and reckless homicide in 1981. In *Old Chief,* ── U.S. at ── n. 8, 117 S.Ct. at 652 n. 8, the Supreme Court noted: "It is true

that a prior offense may be so far removed in time or nature from the current gun charge and any others brought with it that its potential to prejudice the defendant unfairly will be minimal." We conclude here, however, that defendant's prior convictions were not so far removed in time or so dissimilar as to fall outside the holding in *Old Chief.*

To summarize, the Supreme Court in *Old Chief* held that because the defendant's prior conviction was relevant solely to prove an element of § 922(g)(1), and because the defendant had offered to stipulate to the prior conviction, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." *Id.* at ────, 117 S.Ct. at 655. Similarly, we hold, on the basis of *Old Chief,* that the district court's denial of Defendant's motion in limine in the present case constituted an abuse of discretion. *See id.* at ────, 117 S.Ct. at 647.[5]

### III.

 We must next consider whether the district court's action resulted in harmless error. At the outset, we reject Defendant's argument that *Old Chief* "in effect creates a *per se* rule that it cannot be harmless when a jury is informed of a defendant's prior conviction or convictions for serious violent felonies." Brief for Defendant–Appellant at 6. Indeed, the Supreme Court stated in *Old Chief* that it implied "no opinion on the possibility of harmless error...." *Old Chief,* ── U.S. at ── n. 11, 117 S.Ct. at 656 n. 11.

 This circuit has held that an error by a district court with respect to the admission of evidence is subject to harmless error analysis, and it is well settled that an error which is not of constitutional dimension is harmless "unless it is more probable than not that the error materially affected the verdict." *United States v. Fountain,* 2 F.3d 656, 668 (6th Cir.1993); *accord United States v. Martin,* 897 F.2d 1368, 1372 (6th Cir.1990). Errors of the sort at issue in this case are, in fact,

---

5. In addition, we note that evidence of two prior convictions was introduced in the present case, as opposed to evidence of a single conviction in *Old Chief.*

amenable to harmless error analysis. *See United States v. Parrish*, 127 F.3d 1103 (6th Cir.1997)(unpublished decision)(applying harmless error analysis to this type of error). We note that our holding is consistent with the holdings of other circuits that have considered this question in light of *Old Chief*. *E.g., United States v. Taylor*, 122 F.3d 685, 688 (8th Cir.1997); *United States v. Anaya*, 117 F.3d 447, 449 (10th Cir.1997). In addition, for the reasons set forth below, we find it more probable than not that the same verdicts would have been delivered in this case had the district court accepted Defendant's stipulation.

■ To obtain a conviction pursuant to § 922(g)(1), the government must prove beyond a reasonable doubt: (1) that the defendant has a prior conviction for "a crime punishable by imprisonment for a term exceeding one year"; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce. Defendant was also convicted under 26 U.S.C. § 5861(d), which requires proof beyond a reasonable doubt of the defendant's receipt or possession of a firearm that is not registered to the defendant in the National Firearms Registration and Transfer Record.

■ The issue of possession is the only element of either statute that is currently in dispute.[6] It is well established that proof of either actual or constructive possession is sufficient under both statutes. *E.g., United States v. Murphy*, 107 F.3d 1199, 1207 (6th Cir.1997)(18 U.S.C. § 922(g)(1)); *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973)(26 U.S.C. § 5861(d)). Moreover, both actual and constructive possession may be proved by circumstantial evidence. *E.g., Murphy*, 107 F.3d at 1208; *Craven*, 478 F.2d at 1333.

On brief, Defendant contends that the case "hinged upon" the testimony of Yolanda Easterling, who claimed that the shotgun and shells belonged to Defendant. Defendant maintains that "[t]he issue before the jury

was straight forward: who between Mr. Daniel and Ms. Easterling was in possession of the gun and ammunition?" Brief for Defendant–Appellant at 11–12. Defendant essentially argues that the erroneous introduction of the nature of Defendant's prior convictions tipped the scales in causing the jury to believe Easterling's testimony.

Defendant relies primarily upon the testimony of his wife, Sharon Daniel. Daniel, who admitted on cross-examination that she is a convicted felon, testified that Easterling came to Defendant's house carrying the shotgun and shells in her hand and asked Defendant if he wanted to buy the gun. Daniel testified that, although Defendant declined to purchase the gun, he agreed to go with Easterling to attempt to sell the gun or to trade it for some dope. Daniel testified that Easterling placed the shells in Defendant's pocket, as she assisted the intoxicated Defendant down the stairs of his house. Defendant relies upon the testimony of Amy Stamper as well. Stamper testified that Easterling's automobile pulled up next to Stamper's outside of a liquor store in February 1995. Stamper testified that Easterling showed her a weapon that appeared to be the same as the one found by the Kentucky State Police in Easterling's automobile on the night of Defendant's arrest. Defendant also argues that Easterling had a bad reputation in the community for truthfulness and a history of drug use, and that she broke into Defendant's house on the night he was arrested and stole money, jewelry, and prescription medicines. Finally, Defendant notes that his fingerprints were not found on the shotgun or the shells.

Several points deserve mention. First, Defendant's contention that Easterling had a history of drug use is not supported by the record. Defendant relies upon Mrs. Daniel's testimony; however, Daniel did not testify at trial that Easterling had a history of drug use. Rather, Daniel testified only that Easterling had asked Defendant to go with her on the night in question to buy some dope. Second, regarding the alleged burglary, we note that Tommy Baker, a detective with the Kentucky State Police, testified that the

---

**6.** With respect to the ammunition, Defendant's argument is that he did not knowingly have possession of the shells. The district court noted this in its instructions to the jury.

charges against Easterling were dropped one day after Defendant filed the complaint against her. Third, Patricia Cox of the Kentucky State Police Information Services testified that there was only one fingerprint on the shotgun that she "could do anything with," and she determined that it was not Defendant's fingerprint. Tr. of Trial, 12/12/95, at pp. 49–50. Ms. Cox did not testify that this was the only fingerprint on the gun, however. With respect to the shells, Ms. Cox testified that she found no "fingerprints of value," as "[t]here wasn't enough there for me to do an analysis." *Id.*

In any event, the government's case against Defendant did not hinge solely upon the testimony of Easterling. In fact, there is ample evidence in the record, in addition to Easterling's testimony, from which the jury could have concluded that Defendant knowingly possessed the shotgun and shells. Jeff Collier and Ron Mullins of the Kentucky State Police were the troopers who stopped Easterling's automobile on the night in question. Trooper Collier testified that Easterling informed them that Defendant had a weapon in the vehicle. Trooper Collier testified that, as he approached the passenger's side of the vehicle, "[i]t appeared that he [Defendant] had bent over and was doing something underneath the seat." J.A. at 98. After several commands from Trooper Collier, Defendant exited the vehicle. Trooper Collier searched Defendant's person and found three .410 gauge shotgun shells in Defendant's left front pants pocket. Trooper Collier testified that he and Trooper Mullins then searched the vehicle, and Mullins located the shotgun "just underneath the passenger seat that Mr. Daniel's [sic] had been seated in. It was pushed underneath the seat." *Id.* at 100. Trooper Collier testified that the shotgun contained the same brand of shell that was found during the search of Defendant's pocket.

Trooper Mullins's testimony is also instructive. Trooper Mullins testified as to comments made by Defendant with respect to the ownership of the shotgun and shells. Trooper Mullins testified that Defendant stated that a "Sammy owned the gun, or I got it from him, or something to that point—

effect." *Id.* at 115. Trooper Mullins testified that he did not hear or recall Defendant state that the shotgun was owned by Easterling. Regarding the shells, Trooper Mullins testified that Defendant stated that "those shells were for a gun that he had *just like this one* at home or something to that effect." *Id.* (emphasis added). As a convicted felon, Defendant was not permitted to possess any firearm. *See* 18 U.S.C. § 922(g). Moreover, Defendant's statements are inconsistent with his wife's testimony, upon which he relies so heavily, and his statement with respect to the shells completely undermines his argument that he did not knowingly possess the shells.

After arriving at the Jackson City police department, the troopers attempted to "break down" the weapon in order to eject the shell inside, but they encountered difficulty in doing so. Trooper Mullins testified that, during this time, Defendant was at a table approximately twenty to thirty feet away. Trooper Mullins testified that Defendant "said something like you're not going to be able to do that easily. You are going to need to bang either the butt or the barrel while you push the lever." J.A. at 116. Trooper Mullins testified that the troopers followed Defendant's directions and were able to break the weapon down. The jury certainly could have concluded, on the basis of Defendant's knowledge of this operational quirk, that Defendant had possession of the shotgun.

An error which is not of constitutional dimension is harmless unless the court finds that it is more probable than not that the error materially affected the verdict. *Fountain,* 2 F.3d at 668; *Martin,* 897 F.2d at 1372. Following our review of the record, we conclude that the district court's abuse of discretion in rejecting Defendant's stipulation as to his prior felon status did not materially affect the verdicts in this case. Even without knowledge of the nature of Defendant's prior convictions, we find it more probable than not that the jury still would have found that Defendant knowingly possessed the shotgun and shells at issue here and that he was guilty of the crimes charged in the indict-

ment. As a result, we hold that the district court's error was harmless.[7]

## IV.

For the foregoing reasons, Defendant's conviction and sentence are **AFFIRMED**.

---

7. In addition, we affirm Defendant's sentence for the reasons expressed in our prior opinion. *See* *United States v. Daniel*, 103 F.3d 131 (6th Cir.1996)(unpublished decision).