**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason KIMBROUGH, Defendant–**
**Appellant.**

No. 03–5341.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Katrina U. Early, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Scott Hall, The Wagerman Law Firm, Memphis, TN, for Defendant–Appellant.

Before: RYAN, DAUGHTREY, and CLAY, Circuit Judges.

PER CURIAM.

The defendant, Jason Kimbrough, appeals his conviction on a charge of being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g), challenging the sufficiency of the evidence and the district court's decision to allow testimony about the drugs and drug paraphernalia found in his motel room at the time of his arrest. We find no reversible error and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The proof in the record indicates that Memphis police officers went to a local motel to execute a search warrant issued for Room 337. The warrant indicated that a suspected drug dealer was staying in the room and described him as "five foot six, a hundred and forty pounds, bald head, goes by the name Kid ... male black ... with a tattoo on the side of his neck that said Kid." When the officers arrived at the motel, Detective Dion Cincinelli first questioned motel manager Lee Westmoreland about the occupant of Room 337, who was shown on the motel's records as "Jason Kimbrough." Det. Cincinelli then asked Westmoreland to call the room and ask the

occupant to come down to the office, on the ruse that someone had accidentally hit his car in the parking lot. When Kimbrough, who was indeed in Room 337 at that time, came down to the lobby and saw the police officers, he fled out the back door but was quickly apprehended by the officers. A room key for Room 337 was found on Kimbrough's person.

After apprehending the defendant, the officers searched Room 337 and found, among other things, a .38–caliber handgun in a closed container full of clothes that were described by Detective Cincinelli as clothing for a male. The gun was later shown to have been manufactured in Connecticut.

At trial, Kimbrough's fiancé, Teketa Hines, testified that she had brought a container of clothes to the hotel room the morning that the warrant was executed. She said that all the items in the container, including the gun, had come from her townhouse and were in the process of being moved to an apartment where she and defendant were preparing to move in together. She claimed that the gun belonged to an old high school friend of hers and could not say how it got into the clothes container. She explained that she had planned to take that clothes container from her townhouse to the new apartment, but because she was not yet able to get the key to the new apartment and had to get to work, she had taken it and some other items to the defendant's hotel room instead of taking them all the way back home. Hines further testified that she did not realize that the gun had gotten into the container with the clothes or she would not have taken it to the hotel room, because she knew that Kimbrough, as a convicted felon, was not supposed to have guns.

Kimbrough was subsequently indicted and convicted by a jury on one count of being a felon in possession of a firearm, and he was sentenced to 120 months in prison, followed by two years of supervised release.

## DISCUSSION

We review a claim of insufficient evidence by construing all the proof in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir.2003). Because the issue is one of legal sufficiency, we do not "independently weigh[ ] the evidence, nor judge[ ] the credibility of witnesses who testified at trial." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir., 1999). On the other hand, evidentiary rulings are reviewed for abuse of discretion. "[I]n the context of an evidentiary ruling, abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." *Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 157 (6th Cir.1988).

■ In order to convict a defendant under § 922(g)(1), "the government must prove beyond a reasonable doubt: (1) that the defendant has a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year'; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir.1998). In this case, the defendant did not dispute the fact that he had such a prior conviction or that the gun traveled in interstate commerce. The dispute centered instead on the issue of his possession of the weapon.

Criminal liability under § 922(g) requires proof of either actual or constructive possession, by direct or circumstantial evidence. *See Schreane*, 331 F.3d at 560. "[T]he government can prove a defendant's control over firearms by showing that he has dominion over the premises in which the firearms are located." *United States v. Layne*, 192 F.3d 556, 572 (6th Cir.1999).

"Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973). The defense argues that in this case, the government was obligated to show that Kimbrough was aware of the presence of the firearm at issue in order to establish the possession element of § 922(g), citing an unpublished 1993 case in which we analogized § 922(g)(1) to 18 U.S.C. § 1202(a)(1). *See United States v. Hatfield*, 815 F.2d 1068, 1072 (6th Cir.1987) (possession element of an offense under that chapter requires knowing possession, whether actual or constructive).

The defense insists that the firearms conviction cannot stand because the prosecution failed to establish that the defendant had ever even seen the firearm and because the arresting officers had no independent knowledge that he had ever been in possession of a firearm. However, we find no authority to support either contention. As we noted earlier in this opinion, constructive possession may be shown by means of circumstantial evidence, including proof that a defendant had control over the premises in which the firearm was located. *See Schreane*, 331 F.3d at 560; *Layne*, 192 F.3d at 572. This is exactly what the prosecution was able to establish

in this case. It was then up to the defendant to show that there was some innocent explanation for his constructive possession, if indeed there was one. That is exactly what Kimbrough attempted to do, but he was unable to convince the jury that his explanation was credible.

We therefore hold that the evidence, viewed in the light most favorable to the prosecution, was legally sufficient to support the § 922(g) conviction. Although the defendant's fiancé maintained that she inadvertently brought the gun to the defendant's hotel room that morning and that the clothes in the container with it were hers, the officers who discovered the gun testified that the clothes in question were "male." In addition, Hines testified that she was careful to keep the gun away from her 10–year–old daughter. But it was clear that this gun, with which she purported to have been so careful, had somehow—unbeknownst to her—found its way into a clothes container and ended up in Room 337. Finally, the defendant's contention on appeal that "there is absolutely no way Cincinelli could testify to the type of clothing found because men and women can wear very similar clothing if not identical" may have been a good argument to present to the jury, but it does not affect our decision with regard to the sufficiency of the convicting evidence.

■ The defense next argues that the district court erred in allowing references by an arresting officer to the drugs found in defendant's motel room at the time of his arrest. The defendant argues that any testimony regarding drugs and drug paraphernalia was more prejudicial than probative under Federal Rule of Evidence 403, because it constituted "evidence of other crimes, wrongs, or acts" inadmissible "to prove the character of a person in order to show action in conformity therewith," under Rule 404(b). The prosecution counters that testimony regarding the drugs found

within the defendant's motel room was admissible because it was inextricably intertwined with the weapons charge, citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995). The district court apparently adopted this rationale, commenting that it would be unfair "to present the evidence of the firearm completely out of context."

It is true that the presence of drugs in Room 337 was useful to explain why the officers had obtained a search warrant in the first place. But the evidence does not appear to be so intertwined with proof of the defendant's possession of the weapon that it was necessarily admissible in this case. At the very least, its admissibility in this respect is debatable. Nevertheless, the decision to admit or exclude such evidence is left to the discretion of the trial court and, in this case, we cannot say that the district court abused its discretion in permitting the evidence to go into the record. Importantly, the district court was careful to instruct the jury that it was to judge the defendant only with regard to the "specific offense alleged in the indictment."

■ Moreover, we think any error related to the Rule 404(b) ruling must be considered harmless, given the evidence in the record, including the fact that the defendant was in control of the hotel room where the gun was found. *See United States v. Martin*, 897 F.2d 1368, 1372 (6th Cir.1990) ("[w]here an error is not of constitutional dimension, it is harmless unless it is more probable than not that the error materially affected the verdict").

### CONCLUSION

For the reasons set out above, we AFFIRM the district court's judgment.