**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice CORTEZ MARTIN,**
**Defendant–Appellant.**

**No. 03–2001.**

United States Court of Appeals,
Sixth Circuit.

June 21, 2004.

Elizabeth A. Stafford, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Douglas R. Mullkoff, Ann Arbor, MI, for Defendant–Appellant.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

## ORDER

Maurice Cortez Martin appeals his conviction following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Both parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 30, 2002, Martin was indicted on the above firearm charge. The charge proceeded to a jury trial in January 2003. At the close of the government's evidence, Martin moved for a judgment of acquittal, which the district court denied. At the close of all of the evidence, Martin renewed his motion for a judgment of acquittal, which the district court again denied. The jury convicted Martin of the firearms charge, and the district court granted a downward departure and sentenced Martin to 195 months in prison and 5 years of supervised release. Martin filed a timely notice of appeal.

On appeal, Martin asserts that his conviction should be vacated because insufficient evidence existed to support the conviction. The government responds that the district court properly denied Martin's motions for a judgment of acquittal. Upon consideration, we affirm the district court's judgment because sufficient evidence supports Martin's conviction.

This court reviews de novo a district court's denial of a motion for a judgment of acquittal. *United States v. Keeton,* 101 F.3d 48, 52 (6th Cir.1996). A motion for judgment of acquittal challenges the suffi-

ciency of the evidence to support a conviction. *See* Fed.R.Crim.P. 29; *United States v. King,* 169 F.3d 1035, 1038 (6th Cir.1999). When considering whether a conviction is supported by sufficient evidence, this court reviews the evidence and all reasonable inferences in a light most favorable to the government. *United States v. Bashaw,* 982 F.2d 168, 171 (6th Cir.1992). The evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Circumstantial evidence may be sufficient to support a conviction. *United States v. Seaton,* 45 F.3d 108, 110 (6th Cir.1995). This court refrains from independently judging the weight of the evidence and assessing the credibility of witnesses. *United States v. Wells,* 211 F.3d 988, 1000 (6th Cir.2000); *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

Evidence is sufficient to sustain a conviction for being a felon in possession of a firearm or ammunition where: 1) the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; 2) the defendant knowingly possessed the firearm or ammunition; and 3) such possession was in or affecting interstate or foreign commerce. *See* 18 U.S.C. § 922(g); *United States v. Daniel,* 134 F.3d 1259, 1263 (6th Cir.1998); *United States v. Moreno,* 933 F.2d 362, 372 n. 1 (6th Cir.1991). Martin disputes only that he knowingly possessed the firearm at issue. However, the government presented sufficient evidence at trial for a rational jury to find beyond a reasonable doubt that Martin knowingly possessed the firearm.

The government presented testimony from two Detroit police officers who estab-

lished that Martin possessed a firearm. The officers testified that Martin began to back away as they approached a group of men standing near an alley. As Martin retreated, he reached into his shirt and removed an object later identified as a .45 caliber rifle and began to run. Both officers testified that they saw the rifle in Martin's hand as he ran. One of the officers chased Martin into Martin's mother's nearby house, saw Martin throw the rifle onto a bed, and arrested Martin. Viewing this evidence and all reasonable inferences in the light most favorable to the government, this evidence plainly supports Martin's conviction. Accordingly, the district court properly denied Martin's motions for a judgment of acquittal.

For the forgoing reasons, the judgment of conviction and sentence are affirmed.