NOT FOR PUBLICATION
File Name: 05a0405n.06
Filed: May 17, 2005

NO. 04-5739

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,                          ON APPEAL FROM THE
                                             UNITED STATES DISTRICT
v.                                         COURT FOR THE WESTERN
                                             DISTRICT OF TENNESSEE

TOMMIE CONNER,

      Defendant-Appellant.

_____/

BEFORE: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge[*]

Defendant Tommie Conner ("Conner") appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). For the reasons set forth below, this Court **AFFIRMS** as to the sufficiency of the evidence, **VACATES** Conner's sentence, and **REMANDS** for resentencing.

**I.**

On August 28, 2002, a grand jury returned a four-count indictment against Conner. Counts 1 and 2, possession of a .45 caliber gun and possession of .45 ACP caliber ammunition, arose on March 15, 2002, when the police stopped a 1985 Pontiac Firebird operated by Conner. The vehicle's tags were falling off, and police discovered that the tags were registered to a 1987

_____

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

Oldsmobile Delta 88. Following a police pat down, Conner fled on foot, but was soon apprehended. While searching the Firebird, police found a loaded Llama .45 caliber pistol and 8 additional live .45 caliber rounds underneath the driver's seat. Conner stated that he bought the gun years ago off the street. Counts 3 and 4, possession of a Kahr 9MM caliber pistol and possession of 9MM ammunition, arose from a shooting at a night club, the facts of which are outlined below. Conner pleaded not guilty to the indictment, and this Court granted his motion to sever Counts 1 and 2 from Counts 3 and 4 for trial.[1] At trial on Counts 3 and 4, five witnesses testified–two eyewitnesses and three police officers. The government's lead witness, Shontell Horton, testified that on the night of April 5, 2002, she attended the Denim and Diamond night club in Memphis. As the club was closing, someone fired shots outside the club and she asked Ken Bush, a neighbor and former boyfriend, to give her a ride home. Ken was with two other males whom Shontell identified at trial as Conner and Clifton Butler. Shontell testified that she did not know Conner and Butler but had "seen their faces before." She further testified that she was sitting in the front passenger seat, Conner was sitting in the back behind her, Ken was driving, and Butler was sitting behind the driver.

Shontell testified that when police pulled the car over, Ken said, "Whatever you got, pass it to me." She also testified, "[a]nd that's when Tommie passed him the gun. And Ken took the clip, took the clip out of the gun and put the clip on the side, on the armrest." She further testified that Butler did not have a gun and did not respond to Ken's statement.

The prosecution asked Shontell if she had previously testified under oath as to who passed the firearm forward to Ken. Shontell answered that, in reviewing her prior testimony under oath,

---

[1]Counts 3 and 4 were renumbered Counts 1 and 2 for trial purposes; however, in this opinion, they continue to be referred to as Counts 3 and 4.

"[i]t was something in there that - - well, they didn't get it straight or whatever. On here, they said that I said that he was sitting diagonal of me in the back seat, but he was sitting behind me in the car." However, she testified there was no doubt in her mind that it was Conner who passed the gun forward. She further stated that Conner's build was stocky and shorter, while Butler was tall and slim.

The government also called Butler as a witness. Butler testified that when he got to Ken's car, Ken was in the driver's seat and there was a female in the front. He further testified that he himself was in the back behind the female and that Conner was with him in back. Butler was asked on direct whether he remembered stating on the night of the incident, "I saw Tommie pass it [the gun] to Ken. Tommie is the dude that was in the back with me." He answered that he did not remember making that statement, but that his statement on the night of the incident was a better recollection of his memory than his trial testimony.

Conner called Kenya Bush as a witness, but he pled the Fifth Amendment.

On November 6, 2003, the jury found Defendant guilty on Counts 3 and 4 of the indictment. On January 15, 2004, Defendant pled guilty to Counts 1 and 2 of the indictment. The plea agreement established that all counts would be sentenced concurrently; consequently, Counts 1 through 4 were grouped for sentencing. The United States District Court for the Western District of Tennessee imposed a 235-month prison sentence followed by 3 years of supervised release, and a $400 special assessment fee. Defendant appealed.

**II.**

Defendant argues on appeal that the evidence was not sufficient to prove his guilt beyond a reasonable doubt as to Counts 3 and 4 of the indictment; that the district court committed error in

sentencing him for multiple offenses of Title 18 U.S.C. § 922(g);[2] and that his sentencing raises a *Booker* issue.

## A.

Conner claims that the government failed to prove he knowingly possessed the firearm at issue.[3] When deciding whether there is sufficient evidence to support the jury's verdict of guilty, this Court views the evidence in the light most favorable to the government and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). "We will reverse a judgement for sufficiency of evidence only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *Id.* (citing *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989).

We are not pursuaded by Conner's argument that the government failed to prove the possession element of § 922(g). The government provided two eyewitnesses who claim to have seen Conner with the gun and ammunition. Although their testimony may have contained inconsistencies, these bear on witness credibility and are not significant enough to prevent a rational trier of fact from finding that the government had proven the element of possession beyond a

---

[2]Section 922(g) provides in relevant part that "[i]t shall be unlawful for any person–(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g).

[3]To sustain a conviction under 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that prior to the date of the offense 1) the defendant was convicted of a crime punishable by a term of imprisonment exceeding one year; 2) that the defendant knowingly possessed a firearm or ammunition; and, 3) that the firearm or ammunition had previously traveled in interstate commerce. *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998).

reasonable doubt. *See United States v. Farley*, 2 F.3d 645, 652 (6th Cir. 1993) (stating that "[c]hallenges to the credibility of a witness are not challenges to the sufficiency of the evidence but, rather, are challenges to the quality of the government's evidence").

Horton testified that the driver said, "[w]hatever you got, pass it to me." She also testified that she was sure it was Conner who passed the gun forward, and supported this by stating that she was familiar with both Conner's and Butler's faces and could distinguish their body builds. Although there was a question as to the seating arrangement of Butler and Conner in the back seat, Shontell explained this inconsistency by testifying, "[w]ell, they didn't get it straight or whatever." Therefore, it was within the province of the jury to decide whether Shontell changed her testimony or whether the police recorded it incorrectly on the night of the incident. Moreover, the key fact was not the seating arrangement but Horton's clear identification of Conner as the man who passed the gun forward. The jury obviously credited her testimony that Conner was in possession of the firearm.

Butler gave a statement on the night of the incident indicating that the gun was not his, but that he saw Conner with the gun in the car. Although he testified at trial that he could not recall whether Conner passed the weapon, he also admitted that his memory on the night in question was better than his memory during trial. Whether Butler actually saw Conner in possession of the firearm is a question of witness credibility and not one of sufficiency of the evidence. In any event, even without Butler's statement, Shontell's testimony provided substantial and competent evidence such that a rational jury could find beyond a reasonable doubt that Conner knowingly possessed the firearm in question.

**B.**

Conner next argues, for the first time on appeal, that the district court erred in sentencing him for multiple offenses of 18 U.S.C. §922(g). He claims that his convictions for felon in possession of a firearm, Count 3, and felon in possession of ammunition, Count 4, should be merged. He makes the same argument with regard to Counts 1 and 2 of the indictment.

At oral arguments on April 19, 2005, the government conceded that the indictment was multiplicitous. Therefore, on remand, the district court should vacate Counts 2 and 4, and sentence Conner based on Counts 1 and 3. *See United States v. Adams*, 214 F.3d 724, 729 ( holding that the ammunition count of the indictment should not have been charged separately from the firearm count since there was no evidence that the ammunition clip was stored or acquired separately from the gun). The government already conceded that the district court incorrectly imposed a $100 assessment fee for each count and requested this Court strike $200 of the district court's $400 special assessment fee.

**C.**

Conner next argues that he was prejudiced by having been sentenced under a pre-*Booker* regime because he was sentenced at the bottom of the applicable Guidelines range. *United States v. Booker*, ___U.S___, 125 S. Ct. 738, 765 (2005), holds that the Sentencing Guidelines are now advisory rather than mandatory. Because Conner did not raise this issue below, it is now settled in this Circuit that plain error is the applicable standard of review. *See United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. Feb. 16, 2005). We therefore consider whether there was plain error, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997).

6

This Court has recently ruled that it is plain error for a defendant "to be sentenced under a mandatory Guidelines regime that has now become advisory." *Id.* at 526. We also now presume prejudice as to pre-*Booker* sentences absent explicit record evidence to rebut that presumption. *Id.* at 526-29; *United States v. Trammel*,___.3d___, 2005 WL 783361, at *3-4 (6th Cir. 2005). Moreover, it would be fundamentally unfair to allow Conner's sentence to stand since it is possible that the district court would have imposed a lower sentence if the guidelines had been advisory, rather than mandatory. See *Barnett*, 398 F.3d at 530. Conner's total offense level of 33, coupled with his Criminal History Category of VI, put him in the Guidelines range of 235 to 293 months. The court sentenced Conner to 235 months, the bottom of the Guidelines range. *See id.* (holding that the district court's sentencing in the middle of the Guideline's range was insufficient to rebut presumption of prejudice). Therefore, in light of *Booker* and *Barnett*, we must remand this case for resentencing.

## IV.

For the reasons set forth above, we **AFFIRM** the district court's decision as to the sufficiency of evidence, **VACATE** Conner's sentence, and **REMAND** for sentencing in accordance with this opinion.

7