**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0118n.06

**No. 08-5627**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 22, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| HARLAN CULBERTSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. A jury found defendant Harlan Culbertson, a previously-convicted felon, guilty of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Culbertson appeals his conviction, arguing that the district court improperly allowed the government to introduce "racially charged" evidence, the prejudicial effect of which outweighed the probative value. Because the district court did not abuse its discretion in admitting some evidence and, at most, committed harmless error in admitting the rest, we affirm.

I.

Police observed Culbertson, an African American, driving without a seatbelt and initiated a traffic stop. As the officer neared the vehicle, Culbertson fled on foot. Unable to pursue the

defendant, the officer approached the vehicle and observed Shakira Jordan, the defendant's girlfriend and the car's owner, in the front passenger seat. During a search of the trunk, the officer found men's clothing (including red bandanas like the one the defendant was wearing as he fled) and a locked fire safe containing a loaded firearm, ammunition, photographs, and personal letters and documents, all of which Jordan identified as Culbertson's. The photographs depicted Culbertson, his friends, and a provocatively-posed second girlfriend. Some of the individuals in the photos, including Culbertson, appear in prison uniforms and make arguably threatening gestures. The letters, all sent by a Virginia prison inmate directly to Culbertson, included one that requested he keep the letter in a safe place. The inmate signed another letter "your nigga" and often included the aliases "Buck Town Assassin" or "Mr. Murda" with his signature. The safe also contained Culbertson's prison inmate identification card from a previous jail term and a letter from Head Start acknowledging his volunteer work.

Because Culbertson's girlfriend—not Culbertson—owned the vehicle, the government sought to introduce these personal items at trial, arguing that they held significant probative value as tending to show that the safe belonged to Culbertson, and hence that he possessed the firearm found inside. The defense objected to the evidence, countering that it (and the government's related insinuations) generated cumulative unfair prejudice that substantially outweighed the evidence's probative value under Federal Rule of Evidence 403. Though willing to allow the government's witnesses to testify about the trunk's contents, the defense argued that admitting the documentary and photographic evidence would allow the jurors to pore over it, presumably inflaming them with regard to

Culbertson's alleged gang membership and womanizing. The district court admitted the evidence over Culbertson's objections, and the jury found him guilty of possessing the firearm. Culbertson now appeals his conviction, attacking the court's evidentiary ruling as error.

II.

The district court may admit only relevant evidence at trial. Fed. R. Evid. 402. Relevancy requires some bearing on the probability that "any fact that is of consequence to the determination of the action" exists. Fed. R. Evid. 401. Federal Rule of Evidence 403 permits exclusion of even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Because the district court possesses broad discretion to determine matters of relevance, we review its relevancy and unfair prejudice determinations for abuse of discretion, "giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *United States v. Wheaton*, 517 F.3d 350, 364 (6th Cir. 2008) (quoting *United States v. Cope*, 312 F.3d 757, 775 (6th Cir. 2002)). We take into account that all evidence introduced by the prosecution generates prejudice against the defendant and ask specifically whether the item tends to suggest a decision on an improper basis. *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). A conviction requires reversal only if the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors [or] . . . improperly applie[d] the law or use[d] an erroneous legal standard," *Paschal v. Flagstar Bank*, 295 F.3d 565, 576–77 (6th Cir. 2002) (internal quotation marks and

citations omitted), and that error more probably than not affected the jury's verdict, *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008).

"Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth." *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992), *abrogated on other grounds by Weisgram v. Marley Co.*, 528 U.S. 440 (2000). In this case, though the challenged items bear upon Culbertson's ownership of the safe to varying degrees—the letters addressed to Culbertson, for example, provide more information about the safe's probable ownership than the photographs, which could belong to any number of people—each piece of evidence, viewed individually, makes it at least slightly more probable that Culbertson owned the safe. Culbertson concedes the evidence's relevance, but claims unfair prejudice from its tendency to highlight particular character traits or past behavioral patterns about which the jury might harbor negative feelings. Though we acknowledge the potential prejudice stemming from the evidence's admission, we cannot say that the district court abused its discretion in admitting the documentary evidence. And once the jury had the documentary evidence, admitting the photos could constitute only harmless error.

The letters addressed to Culbertson and his prison inmate identification card hold substantial probative value not substantially outweighed by unfair prejudice. This documentary evidence pertains to the safe's ownership as Culbertson certainly possessed each item at some time, strongly suggesting that he possessed them at the time of the traffic stop and therefore owned the safe and

firearm. Though this evidence of possession also depicted Culbertson in a poor light, the court was right to admit the letters and ID card for their significant probative value, which was not substantially outweighed by the prejudicial impact. And, after all, whatever prejudice flowed from the jury's connecting Culbertson with prison-related keepsakes, his charged offense itself—being a *felon* in possession of a firearm—already tipped the jury to his familiarity with prison life. *See, e.g.*, *United States v. Rhodes*, 314 F. App'x 790, 794 (6th Cir. 2008) (defendant not further prejudiced by specific evidence of prior felony where charged with possessing a firearm as a convicted felon).

Finding no abuse of discretion in the admission of the documentary evidence, we need not weigh the probative value of the photographs against their tendency to generate unfair prejudice because the cumulative nature of the photos makes their admission harmless error at most. A district court's error "is harmless unless it is more probable than not that the error materially affected the verdict." *Childs*, 539 F.3d at 559 (quoting *United States v. Daniel*, 134 F.3d 1259, 1262 (6th Cir. 1998)). In our analysis, we "take account of what the error meant to the jury, not singled out and standing alone, but in relation to all else that happened." *United States v. Gibbs*, 506 F.3d 479, 485 (6th Cir. 2007) (quoting *United States v. Pugh*, 405 F.3d 390, 401 (6th Cir. 2005)). True, there exists potential hazard in allowing the prosecution to present more evidence than necessary to establish a particular fact when the evidence encourages the jury to decide the case on an improper basis. *See, e.g.*, *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999) (photographs of threatening language in gang graffiti excluded where graffiti could not be linked to defendants directly and the prosecution introduced other evidence of gang membership). In this case, however, because "substantially

equivalent evidence of the same facts"—the letters and ID card introduced to establish Culberston's firearm possession—"had otherwise been admitted into evidence," the photographs' admission did not alter the jury's verdict. *See United States v. Robinson*, 389 F.3d 582, 593 (6th Cir. 2004).

Culbertson contends that the prosecution's use of the photos, even if harmless, in conjunction with the documentary evidence and the prosecutor's repeated gang-related insinuations, accumulated to his prejudice. Though aggregated harmless errors require reversal when "the effect . . . was so prejudicial as to render [a] trial fundamentally unfair," *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004), only actual *errors* may combine to generate cumulative prejudice. Because we find that the district court properly admitted the documentary evidence, the photographic evidence's admission—the sole (assumed) harmless error—fails to qualify for *Trujillo* review. That is, assuming Culbertson presents a meritorious attack upon the admission of the photographs, he still exposes only that error, and none to combine it with. Accordingly, we find no cumulative prejudice.

III.

For these reasons, we affirm.