NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1141n.06

No. 11-5834

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 05, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LARRY D. GUNTER, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Larry D. Gunter, who is represented by counsel, appeals a 2010 jury verdict convicting him of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e); possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5841 and 5861(d); and aiding and abetting the receipt, possession, or concealment of a stolen motor vehicle in violation of 18 U.S.C. §§ 2 and 2313.  The district court sentenced Gunter to 210 months of imprisonment.

On appeal, Gunter argues that the evidence was insufficient to support his convictions and that the district court erred in denying his motion for acquittal based on the lack of evidence of proper venue.  We review the district court's judgment de novo.  *See United States v. Kuehne*, 547 F.3d 667, 677 (6th Cir. 2008).

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

"When reviewing claims for insufficient evidence, we will sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not weigh the evidence, evaluate the credibility of the witnesses, "or substitute our judgment for that of the jury." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (internal quotation marks and citation omitted). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999) (internal quotation marks and citation omitted).

Gunter's argument that the evidence was insufficient to support his conviction under section 2313(a) is without merit. As an initial matter, the government contends that Gunter waived this argument, but the record establishes the contrary. Section 2313(a) provides that "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any motor vehicle . . . , which has crossed a State . . . boundary after being stolen, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both." The evidence supports the conviction. An employee for a youth group testified that the group's van was stolen while parked in the Great Smoky Mountains National Park in North Carolina. Law enforcement officers found the van the next day parked outside Gunter's mobile home in Tennessee. Gunter was the only person who lived in the mobile home. The van's passenger door lock had been removed, and the dash had damage consistent with a stolen vehicle. Finally, the van's registration and maintenance guide, along with a hat containing the youth group's name, were found in Gunter's car parked next to the van.

The government also introduced sufficient evidence to support Gunter's convictions under § 922(g)(1) and § 5861(d). "[P]roof of either actual or constructive possession is sufficient under both statutes," and "both actual and constructive possession may be proved by circumstantial evidence." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). "Proof that the person has

dominion over the premises where the firearm is located is sufficient to establish constructive possession." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998). The detective who searched Gunter's home testified that Gunter indicated that law enforcement would find something under his bed. When one of the officer's lifted the mattress, he found a loaded shotgun and a bandolier with twelve additional shells. Thus, a rational trier of fact could conclude beyond a reasonable doubt that Gunter had constructive possession of the firearm.

Gunter also challenges the district court's determination that the Eastern District of Tennessee was the proper venue for his trial. The first detective to testify at trial stated that, on the day when he discovered the van and shotgun, he was working an investigation at Dawson Road in the Parrottsville, Tennessee, area. This location is in Cocke County, Tennessee, which is in the jurisdiction of the United States District Court for the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(2). Thus, the district court had venue over the case. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999).

The district court's judgment is affirmed.