IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2015

**STATE OF TENNESSEE v. SCOTT LEE**

**Appeal from the Criminal Court for Shelby County**
**No. 11-03839     James C. Beasley, Jr., Judge**

───────────────

**No. W2014-00986-CCA-R3-CD  -  Filed June 25, 2015**

───────────────

CAMILLE R. MCMULLEN, J., concurring.

I respectfully agree with the conclusion reached by the majority in this case. Certainly, the better practice in all convicted felon in possession of a handgun cases is to have a pre-trial written stipulation agreeing that at the time of the offense the defendant had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. However, I write separately to emphasize that a formal stipulation to a defendant's status as a convicted felon is not necessary to establish the predicate felony. The record shows that the Defendant orally requested the trial court to redact portions of the indictment (aggravated robberies) in an effort to prevent the State from mentioning the names and nature of his prior felonies. Significantly, he conceded that he was a convicted felon based on those felonies and offered to submit another listed predicate felony (theft) to the jury to satisfy the convicted-felon status element of the offense. The Defendant's request was summarily rejected by the State and the trial court.

In United States v. Daniel, the Sixth Circuit noted that an "artless" stipulation does not preclude the application of Old Chief v. United States, 519 U.S. 176 (1997). 134 F.3d 1259, 1261 (6th Cir. 1998) (requiring the trial court to accept a defendant's stipulation to his status as a convicted felon). The court reasoned that while "an instruction would have been necessary to clarify that the defendant's stipulation satisfied the predicate offense of [the felon in possession statute]," the district court still abused its discretion in rejecting the defendant's offer. Id. (citing Old Chief, 519 U.S. at 176 n. 2 (1997)). Based on my reading of the record, the State and trial court erroneously believed that the State was entitled to prove its case regardless of whether the Defendant offered (formally or informally) to stipulate to his status as a convicted felon. The State argued, and the trial court agreed, that the State was entitled to prove its case by evidence of its own choice. However, this general rule does not apply when determining a defendant's legal status for purposes of the convicted felon in possession of a handgun statute. Old Chief, 519 U.S. at 190. This being said, I concur with the majority only

because of the overwhelming evidence of guilt presented against the Defendant at trial. Accordingly, any error in failing to accept the Defendant's inartful stipulation was harmless.

_____
CAMILLE R. MCMULLEN, JUDGE