**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0354n.06

No. 15-4197

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 29, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| KENNETH CLEGG, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:  BATCHELDER and KETHLEDGE, Circuit Judges; LEVY, District Judge.[*]

PER CURIAM.  Kenneth Clegg, Jr., appeals the district court's order denying his motion to dismiss the indictment.  We affirm.

A federal grand jury returned an indictment charging Clegg with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and one count of making a false statement with respect to information required to be kept in the records of a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A).  In his motion to dismiss the indictment, Clegg asserted that he is not legally disabled from possessing firearms because his civil rights have been restored.  The district court denied the motion, concluding that Clegg's firearm rights are restricted under Ohio law.  Pursuant to a written plea agreement, Clegg entered a conditional guilty plea to one felon-in-possession count, reserving his right to appeal the denial

---

[*]The Honorable Judith E. Levy, United States District Judge for the Eastern District of Michigan, sitting by designation.

of his motion to dismiss the indictment. The district court sentenced Clegg to 60 months of imprisonment followed by three years of supervised release.

Clegg timely appealed the district court's order denying his motion to dismiss the indictment. We review de novo the denial of Clegg's motion. *See United States v. Ali*, 557 F.3d 715, 720 (6th Cir. 2009).

To obtain a felon-in-possession conviction under 18 U.S.C. § 922(g)(1), the government must prove: "(1) that the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003) (quoting *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998)). With respect to a "crime punishable by imprisonment for a term exceeding one year,"

> [w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Clegg contends that his prior Ohio convictions do not constitute "crimes punishable by imprisonment for a term exceeding one year" because his civil rights were fully restored with no express restrictions on his ability to ship, transport, possess, or receive firearms.

This appeal is controlled by our decision in *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990). In *Cassidy*, we held:

> [I]f a "convicted felon" has his civil rights restored by operation of state law, with or without a certificate or order documenting the event, we must look to the whole of state law of the state of conviction to determine whether the "convicted felon" is entitled to vote, hold public office and serve on a jury and also whether the

"convicted felon" is entitled to exercise the privileges of shipping, transporting, possessing or receiving a firearm.

*Id.* at 549. Ohio law prohibits persons who have been convicted of a felony offense of violence or a felony drug offense from possessing firearms. Ohio Rev. Code § 2923.13. Clegg's prior Ohio convictions include burglary, which is an offense of violence under Ohio law, *see* Ohio Rev. Code § 2901.01(A)(9)(a), and felony drug possession. Looking to the whole of state law, as *Cassidy* instructs, the district court properly concluded that Ohio law restricts Clegg's firearm rights.

Clegg contends that *Cassidy* was wrongly decided and that the plain language of 18 U.S.C. § 921(a)(20) requires courts to look only to the vehicle that restored the person's civil rights to see if there is an express restriction on firearms. We "may not overturn binding precedent because a published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)), *cert. denied*, 135 S. Ct. 1573 (2015). Clegg asserts that the Supreme Court's intervening decisions in *D.C. v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), "have fundamentally changed the landscape of firearm rights" and allow this panel to overrule *Cassidy*. Those decisions did not "cast doubt on longstanding prohibitions on the possession of firearms by felons," *Heller*, 554 U.S. at 626, and did not address whether § 921(a)(20) requires courts to look at the whole of state law or only the notice provided to the offender to determine whether there is a firearm restriction. *See also Logan v. United States*, 552 U.S. 23, 33 n.4 (2007) ("We express no opinion on this issue."). In any event, Clegg's Final Release from Supervision noted his firearm restriction: "The Final Release Does Not relieve you

- 3 -

of any disability prohibiting you from possessing a firearm under section 2923.13 of the Revised Code."

Accordingly, we **AFFIRM** the district court's order denying Clegg's motion to dismiss the indictment.